GRAY v. STATE.

(*Knoxville.* September 26, 1895.)

1. NOTICE. *Of motion against County Trustee and sureties.*

Notice of motion for judgment against a County Trustee and the sureties on his official bond is not required to be given five days before the first day of the term at which the motion is made, but only five days before the motion is to be entered, under M. & V. Code, § 801, requiring five days' notice of motion for judgment against an officer and the sureties on his bond, and the cause stands for trial at the term of citation. (*Post, p. 318.*)

Code construed: § 801 (M. & V.).

2. PRACTICE. *Taking account by Judge.*

The taking of an account and the obtaining of the necessary data therefor by the trial Judge himself, instead of referring the matters to a special commissioner, is not cause for reversal if the merits of the case have been reached. (*Post, p. 319.*)

3. COUNTY TRUSTEE. *Liability on bonds.*

Neither a County Trustee nor the sureties on his official bond can be required to account for any tax for which the former may have been delinquent prior to the year when he entered upon his duty under the bond in a proceeding by motion for judgment against them on the bond for such year. (*Post, pp. 319–321.*)

FROM CAMPBELL.

Appeal in error from the Circuit Court of Campbell County. W. R. HICKS, J.

D. K. YOUNG and REID & POWERS for Gray.

J. E. JOHNSON and C. J. SAWYER for State.

WILKES, J.　This is a motion against Gray, as Trustee of Campbell County, and the sureties on his official bond, for amounts alleged to be in default to the county on various funds for the year 1892.　There was judgment in the Circuit Court for an aggregate sum of $11,469.26, including interest and penalties, a portion of which was for county revenue proper, a part highway revenue, and the remainder school revenue.　The defendants, having moved for a new trial and been refused, appealed to this Court, and have assigned errors.

It is insisted that, the notice that motion would be made having been given during the term of the Court, and fixing a day of the term then pending, it was either void and insufficient or the case would not stand for trial until the succeeding term of the Court.　This insistence is not well taken.　The notice was given more than five days before the day upon which the motion was to be entered, and this is sufficient.　Such notice is not process, and does not require to be served five days before the first day of the term at which the motion is made, but only five days before motion is to be entered.　It then stands for trial at that term, unless good cause for continuance is shown.　An application was made for continuance in this case, supported by affidavit, but it was denied, and we think proper grounds for continuance were not laid, and there was no abuse of the trial Judge's discretion in refusing the continuance.

It is said the trial Judge erred in not referring the matters involved to a special commissioner, to state an account and make a report.    When it is necessary to state an account, and obtain data upon which to base it, this is a proper practice.    If, however, the trial Judge sees proper to take upon himself the extra labor of stating the account and obtaining the necessary data therefor, it is not a matter for which this Court would reverse, if the merits of the case have been reached.

In ascertaining the liability of the defendants in this cause the trial Judge took the books of the Chairman of the County Court, and mainly from these arrived at the debits and credits to which the Trustee was entitled.

It appears from the copies of the books in the transcript, and from the statement of the Chairman, that the books had been kept in such way as to show a continuous running account from 1888 to 1893, bringing forward each year the balance from the year preceding, and not keeping separate the revenue collected in each special year and paid over during that particular year, and making no distinction between different terms of office nor the bonds covering each term.    The Chairman of the County Court says, in a statement explanatory of his books: "The only way I can hold Gray liable, or show him behind with the school fund for 1892, is by carrying forward the sum of $8,062.32½ from the school account for the year 1891, as shown on my

books. The same is true as to the highway taxes." The balance carried forward on that account seems to be $3,791.59¼.

The Chairman further states that in the monthly settlements made by Gray, the Trustee, he did not indicate what year the payments should be placed upon, and he thereupon entered them so as to close up the old balance.

The notice in this case is to the effect that motion will be made against the Trustee and the sureties on his bond for 1892, and is dated October 2, 1893; and the motion, as entered, is for county revenue proper, school revenue, highway revenue, special tax and jail revenue, all due the county of Campbell for the year 1892, and aggregating $10,336.23. The judgment pursues the motion, and assumes to give judgment for the delinquent taxes for 1892, but it is evident that, in order to arrive at this amount, the balances brought forward from 1891, as before stated, are charged up to the Trustee on the account for 1892. This is palpable error, even as against the Trustee, who had no notice that he would be proceeded against for taxes delinquent prior to 1892, and more so against the sureties on the several bonds, who only gave the bonds on which they are sought to be held liable in September, 1892.

We can see no ground upon which the sureties can be held liable for taxes which the Trustee had collected during a previous term, and for which he

appears to have been delinquent when he entered upon this last term, in September, 1892, and gave the bonds now in question.

Under the notice and motion as made, and the conditions of the bonds as set out, neither the Trustee nor his sureties could be required, in this cause, to account for any tax for which he may have been delinquent prior to 1892, when he entered upon his duty under said bonds, and they are only liable for such funds as the Trustee received or should have received after the giving of said bonds, and the Trustee's induction into office thereunder, less such amounts of the taxes thus collected as may have been paid over to the Chairman of the County Court or other proper receiving officer, out of the taxes thus collected, and the accounts should have been so stated.

The judgment of the Court below is reversed, and, there not being in the record proper data from which to state the account as herein indicated, the cause will be remanded, and a correct and proper account will be stated as herein directed.

It does not follow that if there is a default prior to the year 1892, on the part of the Trustee, he may not, in a proper proceeding, be held liable therefor, together with the sureties who were from time to time upon his bonds, and liable for his defaults occurring while on such bonds.

The costs of the appeal will be paid by the county of Campbell.